IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER OLEN BAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CIV-13-190-HE |
| v. ) | |
| ) | |
| TIM WILKINSON, WARDEN, D. CASTRO, ) | |
| and KATHY MILLER, ) | |
| Defendants. ) | |

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se*, has filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging constitutional deprivations related to the conditions of his confinement at the Davis Correctional Facility, located in Holdenville, Oklahoma. The Defendants named in the Complaint are identified as officials at the Davis Correctional Facility who reside in Holdenville, Oklahoma. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B).

With his Complaint, Plaintiff has submitted an application to proceed without prepaying fees or costs (Doc. # 2) and a motion for appointment of counsel (Doc. # 3). The *in forma pauperis* application is deficient because it does not include a certified financial statement as required by 28 U.S.C. § 1915(a)(2).

Plaintiff's Complaint indicates venue in this Court is improper. See Trujillo v. Williams, 465 F.3d 1210, 1217 (10th Cir. 2006)(holding court may consider personal jurisdiction and venue *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed). According to the allegations in the Complaint, all of the Defendants reside in Holdenville, located in Hughes County, Oklahoma, and the events, actions, and omissions upon which Plaintiff seeks relief all occurred in Hughes County. Pursuant to 28 U.S.C. § 116(b), Hughes County is located within the jurisdiction of the United States District Court for the Eastern District of Oklahoma. Thus, there is no basis for finding venue is properly laid in this judicial district. See 28 U.S.C. § 1391(b)(requirements for bringing action in particular venue include "a judicial district where any defendant resides," "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred," or "a judicial district in which any defendant may be found...."). Under these circumstances, the matter should be dismissed pursuant to 28 U.S.C. § 1406(a) due to lack of venue, and the dismissal should be without prejudice to refiling in the United States District Court for the Eastern District of Oklahoma.

RECOMMENDATION

Based on the foregoing findings, it is recommended that the cause of action be DISMISSED without prejudice pursuant to 28 U.S.C. § 1406(a) due to lack of venue. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by _____ March 21st, 2013, in accordance with 28 U.S.C. § 636

and LCvR 72.1.  The failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. <u>Moore v. United States of America</u>, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.  The pending motions (Docs. # 2, 3) are denied without prejudice to their renewal in the proper district court.

ENTERED this __1st__ day of __March__, 2013.

*[signature]*

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE